IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WHAM-O HOLDING, LTD. and<br>INTERSPORT CORP. d/b/a/ WHAM-O,<br><br>    Plaintiffs,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED<br>ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>    Defendants. | Case No.:  1:23-cv-02567<br><br>Judge Marth M. Pacold<br><br>Magistrate Judge Gabriel A. Fuentes |

**PLAINTIFFS' MEMORANDUM ESTABLISHING THAT JOINDER IS PROPER**

Pursuant to minute entry 41, Plaintiffs, Wham-O Holding, Ltd. and InterSport Corp. d/b/a WHAM-O ("WHAM-O" or "Plaintiffs"), submit the following memorandum establishing that joinder remains appropriate.

**I.  Joinder is Proper Because Most Appeared Defendants Have Settled and Soon Will No Longer Remain in the Case**

The Court has expressed concern that the Defendants remaining in the case should be severed into separate cases because several Defendants have appeared and are litigating the case on separate schedules. This concern has been resolved by the fact that Plaintiffs have settled with all of the appearing Defendants except Defendant No. 64 Ingrid GL.[1]

Plaintiffs will amend the Schedule A excluding all settled Defendants by 6/14/2023 pursuant to the Court's minute entry order [40].

---

[1] The Defendants for which have appeared and settled are as follows by number and name: 32 CY Pet, 33 Daihus Shop, 35 Dayilier, 56 Hand U Journey, 60 HeshengDIY, 161 Wayuen, 205 Canyi, 207 changdedongkaimei Co.Ltd, 216 Lxtoys, and 218 Maletods.

As to Defendant 64, the parties are very close in reaching a settlement and Plaintiffs anticipate Defendant No. 64 be resolved and excluded by the Court's 6/14/2023 deadline. If a settlement is not reached by the Court's 6/14/2023 deadline, Plaintiffs can amend the complaint to name Defendant No. 64 after default be entered against the non-appearing defendants or sever Defendant No. 64 into a different case matter.

**II.     JOINDER REMAINS PROPER FOR THE DEFAULTING DEFENDANTS.**

Joinder remains proper in this case. Plaintiffs' specific factual allegations that Defendants are working in a similar manner and during the same time period to sell Counterfeit Products, collectively in the same "occurrence of mass harm," shows a logical relationship supporting joinder. [1] at ¶¶ 7-11. The remaining Defendants still participated in the "swarm of attacks" on Plaintiff's trademark rights. As Judge Durkin recognized in *Bose Corp.*, cases like the present are one of the few effective mechanisms for stopping and deterring swarms of infringers. Judge Durkin found that "[r]equiring the filing of separate complaints could flood the courts with thousands of additional single defendant Lanham Act cases, with no difference in resolution of nearly every case in a practical sense. The only thing that will inevitably occur is the slowdown of adjudications of other lawsuits, or the decrease of filings of cases which on their face have alleged plausible violations of the Lanham Act." *Bose Corp.*, 334 F.R.D. 511 at 517, n.6.

**IV.    CONCLUSION**

For the reasons stated above, joinder remains proper in this case, and in the remote event the case becomes unwieldy, it is suggested that the Court revisit the question of joinder at that time. For example, Plaintiffs do not object to severing Defendant Ingrid GL from the defaulting Defendants into a separate case matter if it files an answer.

DATED: June 7, 2023	Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt (Bar No. 6207971)
Keith Vogt, Ltd.
33 West Jackson Boulevard, #2W
Chicago, Illinois 60604
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFFS***

3

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on June 7, 2023 with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

*/s/ Keith A. Vogt*
Keith A. Vogt, Esq.